Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Thomas J. Hanlon
Courtney R. Pratten
Assistant United States Attorneys
402 E. Yakima Ave., Suite 210
Yakima, WA 98901
Telephone: (509) 454-4425

FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

APR 09 2024

SEAN F. MCAVOY, CLERK
_____, DEPUTY
YAKIMA, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 1:22-CR-2108-MKD |
| Plaintiff, | Plea Agreement |
| v. | |
| GABRIEL JOE GIBSON, | |
| Defendant. | |

Plaintiff United States of America, by and through Vanessa R. Waldref, United States Attorney the Eastern District of Washington, Thomas J. Hanlon and Courtney R. Pratten, Assistant United States Attorneys for the Eastern District of Washington, and Defendant Gabriel Joe Gibson ("Defendant"), both individually and by and through Defendant's counsel, Gregory L. Scott, agree to the following Plea Agreement.

1.    Guilty Plea and Maximum Statutory Penalties

Defendant agrees to enter a plea of guilty to the Information filed on April 9, 2024, which charges Assault with a Dangerous Weapon, in violation of 18 U.S.C. §§ 1153 and 113(a)(3).

Defendant understands that the following potential penalties apply:

a.    a term of imprisonment of not more than 10 years;

PLEA AGREEMENT - 1

b. a term of supervised release of not more than 3 years;

c. a fine of up to $250,000;

d. restitution; and

e. a $100 special penalty assessment.

2. Supervised Release

Defendant understands that if Defendant violates any condition of Defendant's supervised release, the Court may revoke Defendant's term of supervised release, and require Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, up to the following terms:

a. 5 years in prison if the offense that resulted in the term of Supervised Release is a class A felony,

b. 3 years in prison if the offense that resulted in the term of Supervised Release is a class B felony, and/or

c. 2 years in prison if the offense that resulted in the term of Supervised Release is a class C felony.

Accordingly, Defendant understands that if Defendant commits one or more violations of supervised release, Defendant could serve a total term of incarceration greater than the maximum sentence authorized by statute for Defendant's offense or offenses of conviction.

3. The Court is Not a Party to this Plea Agreement

The Court is not a party to this Plea Agreement and may accept or reject it. Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will impose in this matter.

Defendant understands the following:

a. sentencing is a matter solely within the discretion of the Court;

PLEA AGREEMENT - 2

b. the Court is under no obligation to accept any recommendations made by the United States or Defendant;

c. the Court will obtain an independent report and sentencing recommendation from the United States Probation Office;

d. the Court may exercise its discretion to impose any sentence it deems appropriate, up to the statutory maximum penalties;

e. the Court is required to consider the applicable range set forth in the United States Sentencing Guidelines, but may depart upward or downward under certain circumstances; and

f. the Court may reject recommendations made by the United States or Defendant, and that will not be a basis for Defendant to withdraw from this Plea Agreement or Defendant's guilty plea.

4. <u>Potential Immigration Consequences of Guilty Plea</u>

If Defendant is not a citizen of the United States, Defendant understands the following:

a. pleading guilty in this case may have immigration consequences;

b. a broad range of federal crimes may result in Defendant's removal from the United States, including the offense to which Defendant is pleading guilty;

c. removal from the United States and other immigration consequences are the subject of separate proceedings; and

d. no one, including Defendant's attorney or the Court, can predict with absolute certainty the effect of a federal conviction on Defendant's immigration status.

PLEA AGREEMENT - 3

Defendant affirms that Defendant is knowingly, intelligently, and voluntarily pleading guilty as set forth in this Plea Agreement, regardless of any immigration consequences that Defendant's guilty plea may entail.

5.    Waiver of Constitutional Rights

Defendant understands that by entering this guilty plea, Defendant is knowingly and voluntarily waiving certain constitutional rights, including the following:

    a.    the right to a jury trial;

    b.    the right to see, hear and question the witnesses;

    c.    the right to remain silent at trial;

    d.    the right to testify at trial; and

    e.    the right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands that Defendant retains the right to be assisted by an attorney through the sentencing proceedings in this case and any direct appeal of Defendant's conviction and sentence, and that an attorney will be appointed at no cost if Defendant cannot afford to hire an attorney.

Defendant understands and agrees that any defense motions currently pending before the Court are mooted by this Plea Agreement, and Defendant expressly waives Defendant's right to bring any additional pretrial motions.

6.    Elements of the Offense

The United States and Defendant agree that in order to convict Defendant of Assault with a Dangerous Weapon, in violation of 18 U.S.C. §§ 1153 and 113(a)(3), the United States would have to prove the following beyond a reasonable doubt.

    a.    *First*, the defendant assaulted A.S. by using a display of force that reasonably caused him to fear immediate bodily harm;

PLEA AGREEMENT - 4

b.  *Second*, the defendant acted with the intent to do bodily harm to A.S.;

c.  *Third, the defendant used a dangerous weapon;*

d.  *Fourth, the defendant is an Indian; and*

e.  *Fifth*, the assault took place within the external boundaries of the Yakama Nation, in Indian Country.

*9th Cir. Model Jury Instr. 8.5 (modified).*

7.  <u>Factual Basis and Statement of Facts</u>

The United States and Defendant stipulate and agree to the following: the facts set forth below are accurate; the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant's guilty plea.

The United States and Defendant agree that this statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts that are relevant to the Sentencing Guidelines computation or sentencing, unless otherwise prohibited in this Plea Agreement.

On July 18, 2022, law enforcement officers responded to Legends Casino concerning a report of shots fired. A Legends gaming agent showed law enforcement officers a video which depicted the Defendant firing a round into a flower bed. The Defendant departed from the casino.

On July 19, 2022, at approximately 1:23 a.m., a Legends gaming agent contacted law enforcement and advised the Defendant has returned to Legends Casino. In response to the call, law enforcement officers traveled to Legends Casino. As the officers were in the process of preparing a plan of action, a gaming agent advised that the Defendant and three other people left the casino and entered a white colored sports utility vehicle ("SUV.") The law enforcement officers immediately departed the casino in pursuit of the SUV. Law enforcement officers immediately spotted the SUV as it departed from the casino parking lot. Law

PLEA AGREEMENT - 5

enforcement officers initiated a high-risk stop near Larue Road and the US 97 intersection.

The SUV stopped on the side of the road. The driver, Thea McCloud, exited the vehicle. A male, Gerrad Wyena, exited the passenger side. The SUV took off at a high rate of speed. The Defendant was driving the vehicle. A female was seated in the passenger seat. Several law enforcement officers pursued the vehicle at a high rate of speed. Ultimately, the SUV ran out of gas and stopped. A. S., who was a law enforcement officer with the Yakama Nation Police Department, was behind the SUV. A.S. observed the Defendant in the driver's seat of the SUV. A.S. observed the Defendant's arm extend towards the rear window. The Defendant intentionally discharged a single round. The bullet fired by the Defendant shattered the rear window of the SUV. A.S. feared immediate bodily harm. The Defendant exited the truck and ran away on foot. A.S. observed that the Defendant was holding a firearm. The Defendant was later found hiding in brush. The Defendant was apprehended. A firearm was located in the same area where the Defendant had been hiding.

The Defendant is an Indian as that term is used in 18 U.S.C. § 1153. The Defendant is an enrolled member of the Confederated Bands and Tribes of the Yakama Nation and has some quantum of Indian blood. The above described incident occurred within the external boundaries of the Yakama Nation Indian Reservation, in Indian Country.

8. The United States' Agreements

The United States Attorney's Office for the Eastern District of Washington agrees that at the time of sentencing, the United States will move to dismiss Counts 1 and 2 of the Indictment filed on November 9, 2022.

The United States Attorney's Office for the Eastern District of Washington agrees not to bring additional charges against Defendant based on information in its possession at the time of this Plea Agreement that arise from conduct that is

PLEA AGREEMENT - 6

either charged in the Indictment or identified in discovery produced in this case, unless Defendant breaches this Plea Agreement before sentencing.

9. United States Sentencing Guidelines Calculations

Defendant understands and acknowledges that the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") apply and that the Court will determine Defendant's advisory range at the time of sentencing, pursuant to the Guidelines. The United States and Defendant agree to the following Guidelines calculations.

a. Base Offense Level

The United States and the Defendant have no agreement as to the base offense level.

b. Specific Offense Characteristics:

The United States and the Defendant have no agreement as to the applicability of any specific offense characteristics.

c. Acceptance of Responsibility

The United States and the Defendant have no agreement as to the provisions for acceptance of responsibility.

d. No Other Agreements

The United States and Defendant have no other agreements regarding the Guidelines or the application of any Guidelines enhancements, departures, or variances. Defendant understands and acknowledges that the United States is free to make any sentencing arguments it sees fit, including arguments arising from Defendant's uncharged conduct, conduct set forth in charges that will be dismissed pursuant to this Agreement, and Defendant's relevant conduct.

e. Criminal History

The United States and Defendant have no agreement and make no representations about Defendant's criminal history category, which will be determined by the Court after the United States Probation Office prepares and discloses a Presentence Investigative Report.

PLEA AGREEMENT - 7

10. <u>Incarceration</u>

The United States and the Defendant stipulate and agree to recommend that the Court impose a term of incarceration of 120 months.

11. <u>Supervised Release</u>

The United States and Defendant each agree to recommend three (3) years of supervised release. Defendant agrees that the Court's decision regarding the conditions of Defendant's Supervised Release is final and non-appealable; that is, even if Defendant is unhappy with the conditions of Supervised Release ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or any term of Supervised Release.

The United States and Defendant agree to recommend that in addition to the standard conditions of supervised release imposed in all cases in this District, the Court should also impose the following conditions:

    a.    The United States Probation Officer may conduct, upon reasonable suspicion, and with or without notice, a search of Defendant's person, residences, offices, vehicles, belongings, and areas under Defendant's exclusive or joint control.

    b.    Defendant shall participate and complete such drug testing and drug treatment programs as the Probation Officer directs.

    c.    Defendant shall complete mental health evaluations and treatment, including taking medications prescribed by the treatment provider. Defendant shall allow reciprocal release of information between the Probation Officer and the treatment provider. Defendant shall contribute to the cost of treatment according to the Defendant's ability.

PLEA AGREEMENT - 8

12. Criminal Fine

The United States and Defendant may make any recommendation concerning the imposition of a criminal fine. Defendant acknowledges that the Court's decision regarding a fine is final and non-appealable; that is, even if Defendant is unhappy with a fine ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or fine.

13. Mandatory Special Penalty Assessment

Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, pursuant to 18 U.S.C. § 3013.

14. Restitution

The United States and Defendant agree that restitution is appropriate and mandatory, without regard to Defendant's economic situation, to identifiable victims who have suffered physical injury or pecuniary loss, pursuant to 18 U.S.C. §§ 3663A, 3664.

Pursuant to 18 U.S.C. § 3663(a)(3), Defendant voluntarily agrees to pay restitution for all losses caused by Defendant's individual conduct, in exchange for the United States not bringing additional potential charges, regardless of whether counts associated with such losses will be dismissed as part of this Plea Agreement. With respect to restitution, the United States and Defendant agree to the following:

a. Restitution Amount and Interest

The United States and Defendant stipulate and agree that, pursuant to 18 U.S.C. §§ 3663, 3663A and 3664, the Court should order restitution in an amount not to exceed $5,000.00, and that any interest on this restitution amount, if any, should be waived.

b. Payments

PLEA AGREEMENT - 9

To the extent restitution is ordered, the United States and Defendant agree that the Court will set a restitution payment schedule based on Defendant's financial circumstances. 18 U.S.C. § 3664(f)(2), (3)(A). Regardless, Defendant agrees to pay not less than 10% of Defendant's net monthly income towards restitution.

### c. Treasury Offset Program and Collection

Defendant understands the Treasury Offset Program ("TOP") collects delinquent debts owed to federal agencies. If applicable, the TOP may take part or all of Defendant's federal tax refund, federal retirement benefits, or other federal benefits and apply these monies to Defendant's restitution obligations. 26 U.S.C. § 6402(d); 31 U.S.C. § 3720A; 31 U.S.C. § 3716.

Defendant understands that the United States may, notwithstanding the Court-imposed payment schedule, pursue other avenues to ensure the restitution obligation is satisfied, including, but not limited to, garnishment of available funds, wages, or assets. 18 U.S.C. §§ 3572, 3613, and 3664(m).

Nothing in this acknowledgment shall be construed to limit Defendant's ability to assert any specifically identified exemptions as provided by law, except as set forth in this Plea Agreement.

Until Defendant's fine and restitution obligations are paid in full, Defendant agrees fully to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or third party.

Until Defendant's fine and restitution obligations are paid in full, Defendant agrees to provide waivers, consents, or releases requested by the U.S. Attorney's Office to access records to verify the financial information.

### d. Notifications and Waivers

Defendant agrees to notify the Court and the United States of any material change in Defendant's economic circumstances (e.g., inheritances, monetary gifts,

PLEA AGREEMENT - 10

changed employment, or income increases) that might affect Defendant's ability to pay restitution. 18 U.S.C. § 3664(k). Defendant also agrees to notify the United States of any address change within 30 days of that change. 18 U.S.C. § 3612(b)(1)(F). These obligations cease when Defendant's fine and restitution obligations are paid in full.

Defendant acknowledges that the Court's decision regarding restitution is final and non-appealable; that is, even if Defendant is unhappy with the amount of restitution ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or restitution order.

15. Payments While Incarcerated

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to earn money toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

16. Additional Violations of Law Can Void Plea Agreement

The United States and Defendant agree that the United States may, at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its sentencing recommendation if, prior to the imposition of sentence, Defendant is charged with or convicted of any criminal offense or tests positive for any controlled substance.

17. Waiver of Appeal Rights

Defendant understands that Defendant has a limited right to appeal or challenge Defendant's conviction and the sentence imposed by the Court.

As to the Information filed on April 9, 2024, and as to Counts 3 and 4 of the Indictment filed on November 2022, Defendant expressly waives all of Defendant's rights to appeal Defendant's conviction and sentence imposed by the Court.

PLEA AGREEMENT - 11

Defendant expressly waives Defendant's right to appeal any fine, term of supervised release, or restitution order imposed by the Court, so long as the amount of restitution is not more than $2,000.00.

Defendant expressly waives the right to file any post-conviction motion attacking Defendant's conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based on ineffective assistance of counsel arising from information not now known by Defendant and which, in the exercise of due diligence, Defendant could not know by the time the Court imposes sentence.

Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack upon the conviction or sentence, including, but not limited to, writ of habeas corpus proceedings brought pursuant to 28 U.S.C. § 2255.

18.  Withdrawal or Vacatur of Defendant's Plea

Should Defendant successfully move to withdraw from this Plea Agreement or should Defendant's conviction be set aside, vacated, reversed, or dismissed under any circumstance, then:

a.   this Plea Agreement shall become null and void;

b.   the United States may prosecute Defendant on all available charges;

c.   The United States may reinstate any counts that have been dismissed, have been superseded by the filing of another charging instrument, or were not charged because of this Plea Agreement; and

d.   the United States may file any new charges that would otherwise be barred by this Plea Agreement.

The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

PLEA AGREEMENT - 12

Defendant agrees to waive any objections, motions, and/or defenses Defendant might have to the United States' decisions to seek, reinstate, or reinitiate charges if a count of conviction is withdrawn, set aside, vacated, reversed, or dismissed, including any claim that the United States has violated Double Jeopardy.

Defendant agrees not to raise any objections based on the passage of time, including but not limited to, alleged violations of any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

19.     Integration Clause

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case.

This Plea Agreement is binding only on the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state, or local authorities.

The United States and Defendant agree that this Agreement cannot be modified except in a writing that is signed by the United States and Defendant.

Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Vanessa R. Waldref
United States Attorney

_____
Thomas J. Hanlon
Assistant United States Attorney

4/8/24
Date

PLEA AGREEMENT - 13

_____  _____
Courtney R. Pratten                              Date
Assistant United States Attorney


I have read this Plea Agreement and I have carefully reviewed and discussed every part of this Plea Agreement with my attorney. I understand the terms of this Plea Agreement. I enter into this Plea Agreement knowingly, intelligently, and voluntarily. I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement. No one has threatened or forced me in any way to enter into this Plea Agreement. I agree to plead guilty because I am guilty.

_____  _____
Gabriel Joe Gibson                   4-8-24
Defendant                                       Date

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept Defendant's guilty plea.

_____  _____
Gregory L. Scott                        8 April 2024
Attorney for Defendant              Date

PLEA AGREEMENT - 14